Carney R. Shegerian, State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, State Bar No. 259154
ANguyen@Shegerianlaw.com
Cheryl A. Kenner, State Bar No. 305758
CKenner@Shegerianlaw.com
**SHEGERIAN & ASSOCIATES, INC.**
145 South Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff MATTHEW ELIAS
and all others similarly situated and aggrieved

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ELIAS, an individual, on behalf of himself and all others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>vs.<br><br>SPOTIFY USA INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  2:20-cv-01854-JFW-AS<br><br>**SECOND AMENDED CLASS ACTION & PAGA REPRESENTATIVE ACTION COMPLAINT**<br><br>**(1)  FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(2)  FAILURE TO PROVIDE REST BREAKS;**<br><br>**(3)  FAILURE TO PAY MINIMUM WAGES;**<br><br>**(4)  FAILURE TO PAY OVERTIME WAGES;**<br><br>**(5)  FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br><br>**(6)  FAILURE TO PAY ALL WAGES UPON SEPARATION;**<br><br>**(7)  FAILURE TO REIMBURSE ALL NECESSARY, BUSINESS-RELATED EXPENSES;**<br><br>**(8)  VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*; AND** |

-1-

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(9) CIVIL PENALTIES FOR VIOLATIONS OF LABOR CODE, PURSUANT TO CALIFORNIA'S PRIVATE ATTORNEYS' GENERAL ACT ("PAGA"), §§ 2698, *ET SEQ.***

**DEMAND FOR JURY TRIAL**

## CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff MATTHEW ELIAS ("Plaintiff" or "ELIAS"), on behalf of himself and all others similarly situated and aggrieved, by and through his attorneys, Shegerian & Associates, Inc., hereby files this Second Amended Class Action and Private Attorneys General Act of 2004 ("PAGA") Representative Action Complaint against Defendants SPOTIFY USA INC., a Delaware Corporation ("SPOTIFY"); and DOES 1 through 100 inclusive, (collectively, "Defendants"), and states as follows:

## I.    NATURE OF THE ACTION

1.    Plaintiff brings this class and representative action on behalf of himself and two classes of all (1) nonexempt employees and/or (2) employees misclassified as independent contractors of SPOTIFY USA INC. in California at any time during the period beginning four years prior to the filing of this Complaint through the present ("Class Period"), and on behalf of all Aggrieved Persons who worked for SPOTIFY USA INC. as nonexempt employees and/or employees misclassified as independent contractors in California at any time during the period beginning one year prior to the first PAGA letter (defined below) through the present ("PAGA Period").

2.    As more fully set forth herein, Defendants intentionally misclassified employees as independent contractors; failed to provide off-duty meal and rest breaks to their California employees and independent contractors in accordance with California Labor Code section 226.7 and the Industrial Welfare Commission's ("IWC") Industrial Wage Order No. 12-2001, section 11(a); failed to pay them all wages owed every pay period and upon separation, specifically wages including, but not limited to, minimum wages, overtime wages, and premium pay; failed to reimburse all necessary, business-related expenses; failed to issue timely and accurate wage statements; and violated California's Unfair Competition Law, Business and Professions Code, section 17200, *et seq*.

3.    Defendants offer digital media streaming services to online users and subscribers across the globe.  In or around 2015, SPOTIFY began its foray into creating

original video content for users and subscribers.  As part of Plaintiff's job working for SPOTIFY, Plaintiff participated in producing this content as a Senior Producer.

4.     Defendants' policy and practice is to deny earned wages, including premium and overtime pay, to their nonexempt employees at Defendants' locations in California. Defendants do not provide their employees with legally compliant meal periods and rest breaks or premium pay in lieu thereof.  Additionally, Defendants require their employees to be present and to perform work in excess of eight (8) hours per day and/or forty (40) hours per work week by mandating that these employees perform work off-the-clock including, but not limited to, performing work during meal periods and rest breaks and after their shifts end.  Additionally, Defendants do not provide minimum wages and overtime pay as a result of Defendants' failure to record all hours worked.  These off-the-clock waiting periods exist for the sole benefit of Defendants and occurred frequently and regularly at Defendants' locations in California.  This illegal practice has been in effect by Defendants for years, but Defendants continue to require their nonexempt employees to endure these off-the-clock working periods.

5.     Moreover, Defendants fail to timely compensate employees for all wages earned every pay period and upon separation and fail to properly and accurately calculate minimum wages and overtime wages and report wages earned, hours worked, and wage rates.   For these reasons, Plaintiff brings this action on behalf of himself and other nonexempt employees—misclassified or not—of Defendants to recover unpaid wages, overtime compensation, penalties, interest, injunctive relief, damages, and reasonable attorneys' fees and costs.

6.     Defendants' policy and practice is to require employees to incur necessary, business-related expenses to purchase streaming services and cellular data service, for instance, that Defendants' do not reimburse.

7.     Defendants' deliberate failure to pay their nonexempt employees their earned wages and overtime compensation and necessary, business-related expenses violates the California Labor Code and California's Unfair Competition Law, codified under

California's Business & Professions Code.

8.     Plaintiff brings a class action under the California Code of Civil Procedure section 382 against all Defendants on behalf of all nonexempt employees—properly classified or misclassified as independent contractors—of Defendants in California for failing to provide compliant meal periods and rest breaks or premium pay in lieu thereof, for unpaid minimum wages, unpaid overtime wages, failing to provide timely and accurate wage statements, waiting time penalties, unreimbursed necessary, business related expenses, and other related penalties and damages under the California Labor Code and California Business & Professions Code.

## II.    <u>JURISDICTION AND VENUE</u>

9.     Venue lies properly with this Court, as it is the place where at least one defendant resides, is incorporated or has its principal place of business, or a substantial amount of the events which gave rise to this suit occurred and/or a cause of action arose.

10.     This Court has jurisdiction over this matter because Defendants are licensed to do business in California, regularly conduct business in California, and committed and continue to commit the unlawful acts alleged herein in California.

11.     Venue is proper in this Court pursuant to California Code of Civil Procedure section 395.5.  Defendants own and operate SPOTIFY USA INC. in the city of Los Angeles in Los Angeles County, State of California, which is where Plaintiff and Class Members worked and where Class Members continue to work for Defendants. Defendants' obligation to comply with the California Labor Code and California Business & Professions Code and their liability for failing to do so therefore arise in, among other counties, the County of Los Angeles.

## III.    <u>PARTIES</u>

12.     Plaintiff ELIAS is and was a resident of the City of Los Angeles in Los Angeles County, State of California.   Plaintiff was employed by Defendants as a

-3-

nonexempt employee at Defendants' offices in West Hollywood, California and Los Angeles, California from approximately July 6, 2016 through approximately July 1, 2018. Approximately one year into his employment, SPOTIFY reclassified—thereby misclassifying—Plaintiff from nonexempt employee to independent contractor. His compensation, duties, role, title, and everything else remained unchanged. At all times relevant herein, Plaintiff typically worked five (5) days per week for eight (8) or more hours per day and about fifty (50) or more hours per week. At the time of Plaintiff's separation, he was earning $2,850.00 per week as a Senior Producer.

13. Upon information and belief, Defendant SPOTIFY USA INC. ("SPOTIFY") is a for-profit corporation incorporated in the State of Delaware with its principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007. Defendant SPOTIFY is doing business in the State of California, operating in the State of California, and is availing itself of the privileges and obligations associated therewith.

14. Defendants created the policies and procedures described herein and, at all times during the Class Period, participated in, endorsed, implemented, and performed the conduct alleged herein.

15. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California, including Los Angeles County.

16. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-100, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege both the true names and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, including Doe Defendants, and each of them, were agents, servants, employees, successors in interest, and/or joint

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

venturers of their co-Defendants and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and with the consent of their co-Defendants, and/or said acts were ratified by their co-Defendants, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training, and supervision of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venturer.  Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendant.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.    At all times relevant herein, Defendants offer digital media streaming services to online users and subscribers across the globe.  In or around 2015, SPOTIFY began its foray into creating original video content for online users and subscribers.  As part of Plaintiff's job working for SPOTIFY, Plaintiff participated in producing and overseeing this content as a Senior Producer.

18.    At all relevant times, Defendants have been, and continue to be, a "person" as that term is defined under California Business & Professions Code section 17021 and California Labor Code sections 1-29.5.

19.    At Defendants' locations, Defendants employ nonexempt employees and misclassified "independent contractors" fulfilling several job functions, many of which are identical as between the nonexempt employees and misclassified "independent contractors."

20.    Based on Plaintiff's interactions with other Class Members, Defendants employed nonexempt persons with the job titles including, but not limited to, Senior Producer, Producer, Associate Producer, Coordinator Production Manager, Video Editor, Marketing Associate, Planner, Client Lead, and Sales Associate.  Like Plaintiff, these

persons were subject to the same policies and practices that Defendants required and enforced, which Plaintiff has ascertained through conversations he had with other Class Members during the duration of his employment with Defendants.  Similarly, upon information and belief, Defendants employed nonexempt persons whom Defendants misclassified as independent contractors with the job titles including, but not limited to, Senior Producer, Associate Producer, Production Manager, and Video Editor.

21.     During the Class Period, Plaintiff worked at several of Defendants' locations, including its Los Angeles location on Sunset Boulevard, a temporary work location at a WeWork facility, and occasionally at their Culver City location.  During the Class Period, Plaintiff had regular face-to-face contact with other employees and misclassified independent contractors at Defendants' various offices.  Plaintiff worked with personnel in the Defendants' video department, including administrative staff at these locations in Southern California.  Through conversations with other Class Members, working directly with other Class Members, and eyewitness observations of other Class Members working next to him, Plaintiff knows his experiences were similar to that of other Class Members.

22.     At all times relevant herein, Defendants required the persons they misclassified as independent contractors, including Plaintiff, to report to work on the regular schedule their employees reported to work, which was Monday through Friday from 9:00 a.m. to 6:00 p.m.  Defendants instructed Plaintiff and Class Members to not record or report meal periods, whether taken or not missed.

23.     At all times relevant herein, Defendants required employees and the persons they misclassified as independent contractors alike, including Plaintiff, to report their hours worked as 9:00 a.m. to 6:00 p.m. on Defendants' web-based portal, regardless of their actual start and stop times.  Plaintiff's direct manger instructed Plaintiff to record his hours in this synthetic manner.  In effect, Spotify instructed Plaintiff to record his time in as 9:00 a.m. and his time out as 6:00 p.m., regardless of his start and stop times and to avoid recording and then paying overtime wages.  Plaintiff's direct manger instructed

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

Plaintiff to not report his meal periods taken, whether they were taken or missed.  This was Defendants' practice for all Class Members as well.

24.    At all times relevant herein, Plaintiff's direct manger would approve the hours Plaintiff and other similarly situated Class Members submitted to Spotify.  Plaintiff was able to see in the web portal whether his direct manager had approved his hours reported yet.  On several occasions, Plaintiff had to remind his direct manager to approve Plaintiff's hours on the web portal based on the status showing Plaintiff's hours were still pending.  Accordingly, on a few occasions, Plaintiff was not timely paid his wages because his direct manager failed to approve his hours in time.  Upon information and belief, Plaintiff believes this happened to other Class Members as well.

25.    At all times relevant herein, Defendants did not have employees and the persons they misclassified as independent contractors alike, including Plaintiff, record or report their meal periods.  In other words, Plaintiff did not record meal periods taken when he was classified as an employee of Defendants, and this was also the case when he was a misclassified independent contractor.

26.    At all times relevant herein, Defendants directed and controlled the work performed by Plaintiff and Class Members, including those whom Defendants misclassified as independent contractors.

27.    At all times relevant herein, Defendants furnished Plaintiff and Class Members, including those whom Defendants misclassified as independent contractors with equipment to do their jobs, including but not limited to, laptops, office supplies and equipment, a workstation, a Spotify email address, software (project management, Trello, Airtable, Frame.IO), access to music libraries, an access badge, and monthly parking.

28.    At all times relevant herein, Defendants reimbursed Plaintiff and Class Members, including those whom Defendants misclassified as independent contractors for travel expenses (hotel, flights, food, rental car, parking, Uber rides, and internet), Adobe Suite software, late meals, and research materials.

29.    At all times relevant herein, Plaintiff and Class Members, including those

-7-

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

whom Defendants misclassified as independent contractors, were not independently engaged their own established trade, occupation, or business as Defendants' business of creating original digital media content for Defendant's online users and subscribers.

30.     At all times relevant herein, Plaintiff and Class Members were assigned to and required and permitted to work without pay while performing tasks including, but not limited to:  working on 5-6 shows at a time; launching longform series (8-12 episodes, premium digital content); overseeing shows being made by third-party production companies; overseeing those shows through any phase of production from pitch, development, attending shoots on set, making sure the show being produced aligns with the show purchased, editing back-and-forth with the production company and sending edits/notes back to the production company; preparing series for launch; coordinating internally with Defendants' marketing team and social team; and assessing analytics tracking ratings to evaluate viewership; traveling to attend out-of-state meetings; attending mandatory internal meetings; among other duties Defendants assigned at Defendants' locations in California.  Plaintiff and Class Members were not properly compensated for this work.

31.     At all times relevant herein, Plaintiff and Class Members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided nor allowed to take thirty (30) minute, uninterrupted, off-duty meal periods.  Due to understaffing combined with high volumes of work to be competed on a specific timetable, Plaintiff and Class Members worked through their meal periods, took them after the end of the fifth hour, or were interrupted during their meal period such that Defendants did not authorize and permit a full thirty (30) minutes.  During the Class Period, Defendants did not, as a regular practice, have Plaintiff and the Classes record the times in and out for their meal periods; Defendants either falsified these times or did not record them at all but still deducted from Plaintiff's and the Classes' time worked thirty (30) minutes for meal periods they did not take.  Many of Plaintiff's and other Class Members' missed their meal periods entirely due to meetings with talent to accommodate

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

their schedule and were booked without regard to Plaintiffs' and Class Members' right to take meal periods.  It was Defendants' regular practice to book such meetings at any time, and Defendant had no schedule or recommended time for Plaintiff and Class Members to take their meal periods.   Those missed meal periods were still auto-deducted from Plaintiff and Class Members' timesheets and, therefore, never compensated.  As part of Defendants' culture and direction from Plaintiff's direct manager, Plaintiff was instructed to be available to answer his phone and respond to emails at all times.  Plaintiff complied with this instruction.  In fact, whenever he stepped away from his desk, Plaintiff took his mobile phone with him, even to the bathroom.  Accordingly, these meal periods were on duty for which Defendants should have but did not compensate Plaintiff and Class Members with premium pay for missed meal periods.  Moreover, Plaintiff and Class Members often worked in excess of ten (10) hours without a second thirty (30) minute meal period, despite not signing meal period waivers.

32.    At all times relevant herein, Plaintiff and Class Members were assigned to and required and permitted to work shifts lasting over four (4) hours and were not authorized nor permitted to take a ten (10) minute rest breaks during each shift or four (4) hour work period.

33.    At all times relevant herein, Defendants failed to authorize and permit rest breaks during the Class Period.  Plaintiff and Class Members were routinely required to work through rest breaks at the direction of Defendants and/or Defendants' knowledge and acquiescence.  Many of Plaintiff's and other Class Members' rest breaks were missed entirely due to meetings with talent to accommodate their schedule and were booked without regard to Plaintiffs' and Class Members' right to take rest breaks.  It was Defendants' regular practice to book such meetings at any time, and Defendant had no schedule or recommended time for Plaintiff and Class Members to take their rest breaks.  As part of Defendants' culture and direction from Plaintiff's direct manager, Plaintiff was instructed to be available to answer his phone and respond to emails at all times.  In fact, whenever he stepped away from his desk, Plaintiff took his mobile phone with him, even

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

to the bathroom.  Furthermore, due to understaffing and large volumes of work to complete in a specific timetable, Plaintiff and Class Members did not take their rest breaks at all; accordingly, these rest breaks were on duty for which Defendants should have but did not compensate Plaintiff and Class Members with premium pay for missed rest breaks.

34.    At all times relevant herein, Plaintiff and Class Members worked in excess of eight (8) hours per workday or forty (40) hours per work week.  Defendants failed to pay for all hours worked in excess of eight (8) hours per day, and when compensated for overtime, failed to pay the correct amount of overtime by miscalculating the regular rate. Defendants failed to pay current and former nonexempt employees one and one-half times (1½) their regular rate of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek.  Defendants also failed to pay their employees at a rate no less than twice the regular rate of pay for work in excess of twelve (12) hours in one day or for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek.

35.    Defendants regularly failed to pay their nonexempt employees the correct amount of and rate for overtime wages.  Defendants have failed and continue to fail to include all amounts in the regular rate of pay for purposes of calculating overtime. Unrelatedly, Defendants fail to record all hours as overtime by failing to record all hours worked in a workday.  This work, done primarily for the employer's benefit, is time that nonexempt employees should be, but were not compensated for, both straight hours and overtime hours worked in excess of forty (40) hours in a week, hours worked in excess of eight (8) hours in a day, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek.

36.    Supervisors employed at Defendants' locations, including Plaintiff's location, had knowledge of and required Plaintiff to perform work during meal periods and rest breaks.  Plaintiff and other Class Members were frequently interrupted during both their meal periods and rest breaks as they were expected to answer the phone at all

-10-

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

times and respond to their direct manager immediately.  Defendants provided lunch on-site, so it was customary for Plaintiff and other similarly situated Class Members to eat lunch at their desks.  This was to ensure their continued availability at all times, including during meal periods.  At times, especially during impending deadlines to deliver series and during the editing phase of shows, Plaintiff and other similarly situated Class Members were not able to take their meal periods at all.  There was simply no time in the workday to do so because of the pressure of the impending deadlines and demands from upper management.  In both instances of interruptions and missed meal periods and/or rest breaks, the time records of Plaintiff and other similarly situated Class Members were never subsequently amended to reflect their noncompliant meal periods and rest breaks.  Supervisors throughout California were aware that Plaintiff and others similarly situated were performing work during these times without proper wages or overtime compensation.

37.     As mentioned above, during the Class Period, Defendants did not, as a regular practice, have Plaintiff and the Classes record the actual times in and out for their shifts, work performed while not at the office, nor their meal periods.  In light of Defendants' failure to record employees' off-the-clock time that employees worked and Defendants' failure to track and failure to acknowledge the noncompliant meal periods and rest breaks, Defendants failed to properly calculate the nonexempt employees' hours and therefore, employees' premium pay, minimum wages, and overtime wages due.  Accordingly, Defendants failed to provide accurate wage statements to their nonexempt employees identifying all hours worked and all rates in effect during the pay period.

38.     At all times relevant herein, the same unlawful practices and procedures described above affect hourly nonexempt workers of Defendants employed in California and those employees misclassified as independent contractors working for Defendants in California.

39.     At all times relevant herein, Defendants failed to pay Plaintiff and Class Members for all hours worked.  For instance, Plaintiff and Class Members responded to

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

emails starting at or around 7:00 a.m. through 9:00 a.m., and sometimes later, when Defendants' employees on the East Coast started working, which was prior to clocking in and not captured in the time they reported to Defendants.   Plaintiff estimates he regularly spent about an hour each morning responding to these emails before arriving to work.  Plaintiff and Class Members felt compelled to respond to these emails even though they were not yet at work, because that is what Defendants expected of them.   Plaintiff and Class Members were not permitted to add the time for such work to their hours as they were required to report their start times as 9:00 a.m.  None of this time was recorded or compensated, though all of it was compensable under California law, and Defendants were aware of this work, because Defendants were the senders and recipients of these emails.  Similarly, for two-week periods during the holidays, Plaintiff and Class Members performed required work for Defendants, however, Defendants never compensated Plaintiff and Class Members for that time worked during the holidays.   This occurred both holiday seasons Plaintiff worked for Defendants, first as an employee during December 2016 to January 2017 and second as a misclassified independent contractor during December 2017 to January 2018.  Plaintiff's direct manager was the sender and/or recipient of the emails Plaintiff received and responded to during the holidays and Plaintiff's direct manager was also the person responsible for approving Plaintiff's time worked, so Plaintiff's direct manager expected Plaintiff to work and was aware that Plaintiff worked during these times (before 9:00 a.m. and during the holidays) so Defendants knew Plaintiff was not being compensated for that off-the-clock time.  Had Plaintiff not responded to said emails prior to 9:00 a.m. and during holidays, Plaintiff would have been violating his direct manager's instruction to be available and respond during those times.  Additionally, as both an employee and a misclassified contractor, Plaintiff took 12 or more trips out-of-state via air travel in 3-7 day periods on Defendants' behalf.  During those trips, Plaintiff still reported his hours as only 9:00 a.m. to 6:00 p.m. without taking into account the true hours, which was more than eight (8), that Plaintiff was under Defendants' control and/or performing work on Defendants' behalf.  Thus,

Defendants did not pay Plaintiff and Class Members minimum wages in accordance with law and, because Class Members worked shifts over eight (8) hours in duration, Defendants also did not pay them all overtime wages in accordance with law.

40.    At all times relevant herein, Defendants failed to furnish timely and accurate wage statements to Plaintiff and Class Members.  For instance, while Plaintiff was an employee of Defendants, his wage statements were inaccurate in that they did not reflect his accurate number of hours worked, in that they failed to include any and all overtime, assumed he took a one-hour meal period each workday, and did not reflect any meal period or rest break premiums owed when he did not receive compliant meal periods and rest breaks. Furthermore, while Plaintiff and other similarly Class Members were misclassified independent contractors, Defendants did not provide Plaintiff and other similarly Class Members any wage statements.

41.    At all times relevant herein, Defendants required Plaintiff and Class Members to purchase subscriptions of Spotify and Vimeo, both of which they needed to use to be able to do their job.  Such expenses at issue here include, but are not limited to, expenses for cellular phone service and monthly subscriptions to Vimeo and Spotify.  For instance, while as both an employee and a misclassified independent contractor, Plaintiff was required to use the Spotify platform because he was required to know which artists were "priority artists" for casting relevant artists in the shows he was overseeing.  And, to carry out his job, Plaintiff was required to access the Spotify platform to verify that the shows accessible to subscribers were functional and playing properly.  Without his own Spotify subscription, Plaintiff would have been unable to carry out that part of his job.  During his employment, Plaintiff asked for access to Spotify, however, Defendants told Plaintiff he needed to purchase this at his own expense and was not to submit this for reimbursement in his expense reports.  Plaintiff and Class Members were not permitted to seek reimbursement for Spotify subscriptions.  The Spotify platform was either added to employees' phones by Defendants' IT Department in New York or else Plaintiff and Class Members were required to purchase the subscription and not seek reimbursement

-13-

for it.  Plaintiff knows this is the case for other Class Members as well.  Defendants failed to reimburse Plaintiff and Class Members for these expenditures or losses.  Similarly, Plaintiff's direct manager required Plaintiff to use Vimeo specifically (and not other competing platforms) to carry out his job of screening rough cuts/screeners of episodes that were in the edit stage of production.  The cost for this subscription was approximately $10-$15 per month.  Again, Plaintiff's direct manager who approved Plaintiff's and others' expense reports knew that Plaintiff was both subscribing to Vimeo to do his job and not seeking to be reimbursed for his Vimeo subscription, per Plaintiff's direct manager's instruction that Plaintiff had to incur said costs himself and not seek reimbursement for it.  Finally, Plaintiff was required to have a personal cell phone for his job and remain reachable by phone and email at all times.  Defendant did not provide Plaintiff and other Class Members landline telephones at their workstations.  Defendant required Plaintiff and other Class Members to provide their personal cell phone numbers to Defendants so that Defendants could call Plaintiff and other Class Members on those numbers at all times and Defendants regularly called Plaintiff and other Class Members on those numbers.  Plaintiff estimates 5-10 incoming and outgoing calls to/from Defendants per day and sending/receiving many more emails than 10 to/from Defendants or on Defendants' behalf per day.  Per Plaintiff's direct manager, Plaintiff and Class Members were not to seek reimbursement for anything related to their personal cell phone.  Plaintiff's direct manager who approved Plaintiff's and others' expense reports knew that Plaintiff was both relying on his personal cell phone to do his job and not seeking reimbursement for his cellular phone service or data, per Plaintiff's direct manager's instruction that Plaintiff had to incur said costs himself and not seek reimbursement for it.

42.    Defendants' conduct, as alleged herein, has caused Plaintiff and Class Members damages including, but not limited to, loss of wages and compensation. Defendants are liable to Plaintiff and the Class for failing to pay minimum wages, failing to pay overtime wages, failing to pay all wages owed every pay period, failing to provide

timely and accurate wage statements, failing to pay all wages owed upon separation, failing to reimburse all necessary, business-related expenses, and unfair competition.

43.     Plaintiff has complied with the procedures for bringing suit specified in California Labor Code section 2699.3.  By letter dated February 12, 2019, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA"), and Defendants, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  By letter dated June 26, 2019, Plaintiff gave amended written notice by certified mail to the Labor and Workforce Development Agency ("LWDA"), and Defendants, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.[1]

## V.     CLASS ACTION AND REPRESENTATIVE ACTION ALLEGATIONS

44.     Plaintiff is a member of and seeks to be the representative for each Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendants' unlawful employment practices as alleged herein.

45.     Plaintiff brings his first through ninth causes of action on behalf of himself and on behalf of the following Classes[2] of persons:

> a.   Employee Class:  All current and former nonexempt employees who have worked in California for SPOTIFY USA INC. engaged in video production at any time during the period beginning four years prior to the filing of this Complaint through the present.

---

[1] Pursuant to a tolling agreement between Plaintiff and Defendants, Plaintiff is within the statute of limitations on all claims, including PAGA.

[2] Plaintiff reserves the right under California Rules of Court, Rule 3.765, to amend or modify these Class descriptions with greater particularity or further division into subclasses or limitation to particular issues.

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

b. <u>Misclassified Class</u>:   All current and former nonexempt employees who have worked as "independent contractors" in California for SPOTIFY USA INC. at any time during the period beginning four years prior to the filing of this Complaint through the present.

46.    This action is appropriately suited for a class action pursuant to Code of Civil Procedure section 382 because there exists ascertainable and sufficiently numerous Classes, well-defined communities of interest, and substantial benefits from certification that render proceeding as classes superior to the alternatives.

47.    <u>Numerosity and Ascertainability</u>.   The size of the Classes makes a class action both necessary and efficient.   On information and belief, the proposed Classes include hundreds of current and former employees, misclassified or not, at Defendants' locations in California.   Members of the Classes are ascertainable through Defendants' records but are so numerous that joinder of all individual Class Members would be impractical.

48.    <u>Predominant Common Questions of Law and Fact</u>.   Pursuant to section 382, common questions of law and fact exist as to all Class Members.   These questions predominate over any individualized issues.   These common questions include but are not limited to:

a.   Whether Defendants' policies and practices described in this Complaint were and are illegal;

b.   Whether Defendants willfully misclassified nonexempt employees as "independent contractors," in violation of California Labor Code section 226.8(a)(l);

c.   Whether Plaintiff and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendants;

-16-

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

d. Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class who worked as nonexempt employees in California for the total hours worked during the Class Period;

e. Whether Defendants violated Labor Code section 226.7 and/or section 512 and engaged in a pattern or practice of failing to provide timely, off-duty, thirty (30) minute meal periods to Plaintiff and members of the Class who worked as nonexempt employees in California during the Class Period;

f. Whether Defendants engaged in a pattern or practice of impeding Plaintiff and the members of the Class who worked as nonexempt employees in California during the Class Period from taking off-duty, thirty (30) minute meal periods on a timely basis;

g. Whether Defendants engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the Class who worked as nonexempt employees in California during the Class Period for missed, untimely, or on-duty meal periods as required by California law;

h. Whether Defendants violated section 11 of the applicable California Industrial Welfare Commission's ("IWC") Wage Order(s) by failing to provide Plaintiff and the members of the Class who worked as nonexempt employees in California during the Class Period with timely, off-duty, thirty (30) minute meal periods;

i. Whether Defendants engaged in an unfair practice and violated California Business and Professions Code, section 17200, *et seq.* by failing to provide Plaintiff and the members of the Class who worked as nonexempt employees and misclassified "independent contractors" in California during the Class Period with their statutory, off-duty, meal periods on a timely basis;

j. Whether Defendants maintained accurate time records of off-duty, thirty (30) minute meal periods taken by Plaintiff and members of the Classes during the Class Period in accordance with section 7 of the applicable IWC Wage Order(s);

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

k. Whether Defendants have engaged in a common course of requiring or permitting their nonexempt employees and misclassified "independent contractors" to not report all hours worked during the Class Period;

l. Whether Defendants have engaged in a common course of failing to maintain true and accurate time records for all hours worked by their nonexempt employees and misclassified "independent contractors;"

m. Whether Defendants violated Labor Code section 226(a) by issuing inaccurate wage statements to Plaintiff and members of the Employee Class that failed to include payments for missed, untimely, and/or on-duty meal periods among wages earned throughout the Class Period;

n. Whether Defendants violated Labor Code section 226(a) by failing to issue timely, accurate wage statements to Plaintiff and members of the Misclassified Class throughout the Class Period;

o. Whether Defendants violated Labor Code section 226 by issuing inaccurate wage statements to Plaintiff and members of the Class that failed to accurately state the total hours worked and therefore, the total gross and net wages owed, to the detriment of Plaintiff and the Class;

p. Whether Defendants failed to compensate, and therefore violated section 12 of the applicable IWC Wage Order(s) and Labor Code section 226.7 by failing to provide ten (10) minute, uninterrupted rest breaks as contemplated by California law for work periods in excess of four (4) hours;

q. Whether Defendants engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the Classes who worked as nonexempt employees and misclassified "independent contractors" in California during the Class Period for failing to provide ten (10) minute, uninterrupted rest breaks as contemplated by California law for work periods in excess of four (4) hours;

r. Whether Defendants engaged in a pattern or practice of failing to pay appropriate amounts of overtime pay to Plaintiff and the Class for hours worked in excess

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

of eight (8) hours in a day;

s. Whether Defendants engaged in a pattern or practice of failing to pay appropriate amounts of double time for hours worked in excess of twelve (12) hours in a day;

t. Whether Defendants violated section 510 of the Labor Code and/or section 3 of the applicable IWC Wage Order(s) by failing to pay overtime pay to Plaintiff and the Classes for hours worked in excess of eight (8) hours in a day;

u. Whether Defendants violated section 510 of the Labor Code and/or section 3 of the applicable IWC Wage Order(s) by failing to pay overtime pay to Plaintiff and the Classes for the first eight (8) hours worked in a day on the seventh consecutive day in a workweek and double time for all hours worked in excess of eight (8) hours on such days;

v. Whether Defendants violated Labor Code sections 218.5, 204, 1197, and 1198 due to failure to compensate Plaintiff and the Classes for those acts Defendants required Plaintiff and members of the Class to perform for the benefit of Defendants;

w. Whether Defendants have engaged in a common course of failing to pay nonexempt employees all wages due upon termination;

x. Whether Defendants violated California Labor Code section 2802 by failing to reimburse Plaintiff and Class Members for all necessary business-related expenses they incurred;

y. Whether Defendants have engaged in unfair competition by the above-listed conduct; and

z. The nature and extent of class-wide injury and the measure of damages for the injury.

49. <u>Typicality</u>. Plaintiff's claims are typical of the members of the Classes. Plaintiff, like other members of the Classes working for Defendants in California, was subjected to Defendants' policy and practice of refusing to properly and fully pay overtime

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

in violation of California wage and hour laws and practice of misclassifying nonexempt employees as independent contractors.  Plaintiff's job duties were and are typical of those of other Class Members who worked for Defendants in California.

50.    <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately represent the interests of the Classes because his individual interests are consistent with and not antagonistic to the interests of the Classes, and because Plaintiff has selected counsel who has the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

51.    <u>Superiority of Class Mechanism</u>.  The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate defendant like Defendants.  In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of the California state laws.  Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

## VI.   <u>FIRST CAUSE OF ACTION</u>

### Failure to Provide Meal Periods

### in Violation of Cal. Labor Code §§ 512 and 226.7; IWC Wage Order No. 12-2001, § 11

### (Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)

52.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

53.    California Labor Code section 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

54.    IWC Wage Order No. 12-2001 (11)(A) provides, in pertinent part:  "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

55.    Section 512(k) of the California Labor Code provides, in pertinent part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

56.    As alleged herein, Defendants failed to authorize and permit timely, uninterrupted meal periods during the Class Period.  Defendants failed to record meal periods during the Class Period and either falsified these times or did not record them at

all but still deducted from Plaintiff's and the Class's time worked thirty (30) minutes for meal periods they did not take.  Plaintiff and members of the Classes were routinely required to work without a timely, uninterrupted meal period at the direction of Defendants and/or with Defendants' knowledge and acquiescence.  Defendants' uniform adoption of a chronically understaffed staffing model—or assignment of too much work to complete by one person in a workday—at their locations also prevented Plaintiff and Class Members from being relieved of all duties to take meal periods.  The combination of Defendants' failure to schedule meal periods and their adoption of a chronically understaffed staffing model impeded and prevented Plaintiff and other Class Members from taking timely, uninterrupted meal periods.  As a result, Plaintiff and Class Members were not relieved of their duties such that they could take duty-free meal periods, and thus had to work through some or all of their meal periods, have their meal periods interrupted to return to work, and/or wait extended periods of time before taking meal periods.  For example, Plaintiff frequently worked a majority of his eight (8)-hour shifts with no one to relieve his for a meal period, at least not until after having worked over five (5) consecutive hours into his shift.  Because too few employees were staffed to handle the demands of and large volumes of work, Plaintiff had to perform his duties throughout the majority of his shift and therefore was not relieved of his duties to take compliant meal periods.

57.     Defendants also did not schedule second meal periods and had no policy for permitting and authorizing Plaintiff and other employees to take second 30-minute meal periods on days they worked in excess of 10 hours in one day.  For example, during his employment, Plaintiff occasionally worked over 10 hours in a day but did not receive a second complaint meal period on those days nor did he consent to waiving them.  Because of Defendants' companywide chronic understaffed staffing model, Plaintiff and other Class Members were not relieved of all duties such that they could take second 30-minute meal periods and instead had to work through them.  Accordingly, Defendants failed to provide all meal periods in violation of California Labor Code sections 226.7 and 512.  Defendants knew or should have known that their companywide adoption of a chronically

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

understaffed staffing model and scheduling policies combined with an overly demanding workload for the time allotted in Plaintiff and the Class's shifts would result in a failure to provide Plaintiff and other Class Members with full and timely meal periods as required by the applicable IWC Wage Order(s) and Labor Code sections 226.7 and 512(a). Furthermore, Plaintiff and other Class Members did not sign valid meal period waivers on days that they were entitled to meal periods but were not relieved of all duties.

58.     Moreover, Defendants engaged in a systematic, companywide policy to not pay meal period premiums.  Alternatively, to the extent that Defendants did pay Plaintiff and other Class Members one (1) additional hour of premium pay for missed meal periods, Defendants did not pay Plaintiff and other Class Members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as commissions, incentive pay, and/or nondiscretionary bonuses, in the regular rate of pay. As a result, to the extent Defendants paid Plaintiff and other Class Members premium pay for missed meal periods, it did so at a lower rate than required by law.  As a result, Defendants failed to provide Plaintiff and other Class Members compliant meal periods and failed to pay the full meal period premiums due, in accordance with California Labor Code sections 204, 210, 226.7, and 512.

59.     By their actions in requiring their employees to work through meal periods and/or their failure to relieve nonexempt, nonexempt employees of their duties for their off-duty meal periods, Defendants have violated California Labor Code section 226.7 and section 11 of IWC Wage Order No. 12-2001 and is liable to Plaintiff and the Classes.

60.     As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of timely off-duty meal periods and are entitled to recovery under Labor Code section 226.7(b) and section 11 of IWC Wage Order No. 12-2001, in the amount of one additional hour of pay at the employee's regular rate of pay for each work period during each day in which Defendants failed to provide their nonexempt employees with timely, statutory, off-duty meal periods.

/ / /

-23-

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

# VII.   <u>SECOND CAUSE OF ACTION</u>

**Failure to Provide Rest Breaks**

**in Violation of Cal. Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 12-2001, § 12**

**(Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)**

61.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

62.    California Labor Code section 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

63.    IWC Wage Order No. 12-2001, section (12)(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

64.    IWC Wage Order No. 12-2001, section (12)(B) provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

65.    As alleged herein, Defendants failed to authorize and permit rest breaks during the Class Period.  Plaintiff and members of the Class were routinely required to work through rest breaks at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

66.    Furthermore, as with meal periods, Defendants' scheduling policies,

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

chronically understaffed staffing model, and workloads assigned prevented Plaintiff and Class Members and continue to prevent Class Members from being relieved of all duty in order to take compliant rest breaks and forced Plaintiff and other Class Members to forego rest breaks and/or remain on duty during their rest breaks.  As a result, Plaintiff and Class Members would work shifts in excess of 3.5 hours without 10-minute rest breaks to which they were entitled.  For example, throughout his employment, during 8-hour or longer shifts, Plaintiff regularly worked without receiving at least one of his 10-minute rest breaks, continuing to perform his duties such as inspecting the physical appearance of multi-pack gift cards, operating machinery and feeding gift cards into the slot or else catching them, laminating, and packing, among other random duties assigned each day, without taking 10-minute rest breaks because there were too few employees staffed to cover Plaintiff's responsibilities that required attention at all times.

67.     At the same time, Defendants implemented a companywide policy to not pay rest break premiums.  Alternatively, to the extent that Defendants did pay Plaintiff and other Class Members one (1) additional hour of premium pay for missed rest breaks, Defendants did not pay Plaintiff and other Class Members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as commissions, incentive pay, and/or nondiscretionary bonuses, in the regular rate of pay. As a result, to the extent Defendants paid Plaintiff and other Class Members premium pay for missed rest breaks, it did so at a lower rate than required by law.  As a result, Plaintiff and other Class Members were denied rest breaks and Defendants failed to pay the full rest break premiums due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order(s).

68.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of the initial Complaint.

69.     As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Class have been deprived of timely rest breaks and/or were not paid for rest breaks

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

taken during the Class Period and are entitled to recovery under Labor Code section 226.7(b) in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest breaks.

## VIII.  <u>THIRD CAUSE OF ACTION</u>

### Failure to Pay Minimum Wages

### Upon Payment of Wages in Violation of Cal. Labor Code §§ 510, 1194, 1194.2, and 1197; IWC Wage Order No. 12-2001, § 4

### (Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)

70.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

71.    Labor Code section 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work.  Any work in excess of eight hours in one work day and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

72.    Labor Code section 1197 provides:  "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

73.    Labor Code section 1182.12 establishes the right of employees to be paid minimum wages for all hours worked in amounts set by state law.

74.    Labor Code section 1194, subdivision (a) provides:  "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum

wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

75.     Labor Code section 1194.2 provides in pertinent part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

76.     Pursuant to IWC Wage Order No. 12-2001, section (2)(H), at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

77.     At all times relevant during the liability period, under the provisions of IWC Wage Order No. 12-2001, Plaintiff and each Class Member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

78.     For all hours that Plaintiff and Class Members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code section 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

79.     Pursuant to Labor Code section 1194, Plaintiff and Class Members are also entitled to their attorneys' fees, costs, and interest according to proof.

80.     At all times relevant during the liability period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members the amounts owed.

81.     As described above, Defendants required Plaintiff and other Class Members to work during their meal periods due to Defendants' lack of coverage for their employees and decision to staff too few employees at a given time to handle the demands of and large volumes of work.  Also, during the Class Period, Defendants failed to have employees and

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

misclassified independent contractors record all of their hours worked and meal periods taken, so Defendants failed to compensate all such employees properly for all time worked. And Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment. To the extent that these off-the-clock hours did not qualify for overtime premium pay, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

82. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated nonexempt, nonexempt employees, and Defendants have done so continuously throughout the filing of this complaint.

83. As a direct and proximate result of Defendants' violation of Labor Code sections 510 and 1197, Plaintiff and other Class Members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' nonexempt employees, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code sections 200, *et seq.*

84. Plaintiff and Class Members are entitled to the unpaid amount of minimum wages, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees, and costs according to Labor Code sections 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure 1021.5.

## IX.   FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

**in Violation of Cal. Labor Code §§ 510 and 1194, IWC Wage Order No. 12-2001, § 3**

**(Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)**

85. Plaintiff hereby re-alleges and incorporates by reference all paragraphs of

this Complaint as if fully set forth herein.

86.     Pursuant to section 3 of IWC Wage Order No. 12-2001; California Code of Regulations, Title 8, Chapter 5, section 11040, section 12; and Labor Code sections 200, 204, 226, 500, 510, 512, 1194, and 1198, Defendants were required to compensate Plaintiff and members of the Class for all overtime hours worked, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any workday.

87.     Plaintiff and members of the Class were and are nonexempt employees, including the misclassified "independent contractors," entitled to the protections of IWC Wage Order No. 12-2001; California Code of Regulations, Title 8, section 11040, section 12; and Labor Code sections 200, 226, 500, 510, 512, 1194, and 1198.  In addition, during the Class Period, Plaintiff and other members of the Classes consistently worked five (5) days per week for shifts of eight (8) hours or more.  During the course of Plaintiff's employment, and during the course of the employment of the members of the Class, Defendants failed to compensate Plaintiff and the Classes for overtime hours worked as required under the aforementioned Labor Codes and Regulations.

88.     Under the aforementioned Wage Orders, statutes, and regulations, Plaintiff and members of the Classes are entitled to one and one-half (1½) times and/or double their regular rate of pay for overtime work performed during the four (4) years preceding the filing of this Complaint, based on appropriate calculations of the "total remuneration" for each workweek.

89.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class for all wages earned and all hours worked.  As a direct result, Plaintiff and the Classes have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

90.     Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Classes, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights and the rights of the Classes.  Plaintiff and the Classes are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof a time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

91.     Defendants' conduct described herein violates IWC Wage Order No. 12-2001; California Code of Regulations, Title 8, section 11040, section 12; and Labor Code sections 200, 226, 500, 510, 512, and 1198.  Therefore, pursuant to Labor Code sections 200, 203, 204, 226, 226.7, 512, 558, and 1194, Plaintiff and the Classes are entitled to recover the unpaid balance of overtime compensation Defendants owes Plaintiff and the Classes, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## X.     FIFTH CAUSE OF ACTION

**Failure to Furnish Timely and Accurate Wage Statements**

**Upon Payment of Wages in Violation of Cal. Labor Code § 227.3**

**(Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)**

92.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

93.     Labor Code section 226(a) sets forth reporting requirements for employers when they pay wages, as follows:  "Every employer shall . . . at the time of each payment of wages, furnish his or his employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . . ."  Section (e) provides:  "An employee suffering injury as a result of a knowing and

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

94.     Defendants failed to accurately record the overtime hours worked by Plaintiff and Class Members.

95.     Additionally, Defendants failed to accurately record all rates of pay in effect during the pay period.

96.     Plaintiff and Class Members were damaged by these failures because, among other things, the failures hindered Plaintiff and the Classes from determining the amounts of wages actually owed to them.

97.     Plaintiff and Class Members request recovery of Labor Code section 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to Labor Code section 226(e), in a sum as provided by the Labor Code and/or other statutes.

## XI.     SIXTH CAUSE OF ACTION
### Failure to Pay All Wages Owed Upon Separation
### in Violation of Cal. Labor Code §§ 201–203
**(Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)**

98.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

99.     Labor Code section 201 provides, in relevant part, "[I]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

100.     Labor Code section 202 provides, in relevant part, "[I]f an employee not having a written contract for a definite period quits his or his employment, his or his wages shall become due and payable not later than 72 hours thereafter, unless the employee has

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

given 72 hours previous notice of his or his intention to quit, in which case the employee is entitled to his or his wages at the time of quitting."

101.   Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

102.   At all times relevant during the liability period, Plaintiff and the other members of the Classes were employees of Defendants covered by Labor Code section 203.   Pursuant to Labor Code section 201, upon Plaintiff's and the Class Members' separation dates, Defendants were required to pay Plaintiff and the Class Members all wages earned.

103.   At the time of Plaintiff's and the Class Members' respective separation dates, Plaintiff and Class Members had unpaid wages.   Defendants willfully failed to pay Plaintiff and other members of the Classes who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely, or on-duty meal periods and rest breaks upon their termination or separation from employment with Defendants as required by California Labor Code sections 201 and 202.   Thus, in violation of Labor Code section 201, Defendants failed to pay Plaintiff and the Class Members the full amount of wages due and owing them, in amounts to be proven at the time of trial, but in excess of the jurisdictional minimum of this Court.

104.   Defendants' failure to pay Plaintiff's and the Classes' respective wages due and owed to them was willful, and done with the wrongful and deliberate intention of injuring Plaintiff and the Class Members and in conscious disregard of their rights.

105.   Defendants' willful failure to pay former employee Plaintiff and the Classes all of the wages due and owing them constitutes violations of Labor Code sections 201 and 203, which provide that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.   Therefore, former employee Plaintiff and the Class Members are each entitled to penalties pursuant to Labor Code section 203.

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

## XII.   <u>SEVENTH CAUSE OF ACTION</u>

### Failure to Reimburse All Necessary, Business-Related Expenses

### Violation of California Labor Code § 2802

### (Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)

106.   Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

107.   California Labor Code section 2802 provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful unless the employee, at the time of obeying the directions, believed them to be unlawful."

108.   During the applicable statutory period, Plaintiff and Class Members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants, Defendants did not reimburse Plaintiff and Class Members for these expenditures or losses.   Such expenses include, but are not limited to, expenses for cellular phone service and monthly subscriptions to Vimeo and Spotify.

109.   Defendants have failed to fully reimburse Plaintiff and Class Members for all necessary, business-related expenses and losses.

110.   Plaintiff and Class Members are entitled to recover their necessary, unreimbursed business-related expenses and losses incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in California, pursuant to California Labor Code section 2802.

/ / /

/ / /

/ / /

/ / /

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

### XIII.  <u>EIGHTH CAUSE OF ACTION</u>

**Violations of California's Unfair Competition Law ("UCL"),**

**California Business and Professions Code §§ 17200, *et seq.***

**(Brought by Plaintiff on Behalf of Himself and the Classes Against All Defendants)**

111.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

112.   Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

113.   Through their actions alleged herein, Defendants have engaged in unfair competition within the meaning of the UCL.  Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

114.   Defendants' unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein.  Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class Members wages and compensation they earned through labor provided, failing to reimburse Class Members for all necessary, business-related expenses and losses, and failing to otherwise compensate Class Members, as alleged herein.  Defendants' fraudulent conduct includes, but is not limited to, failing to issue wage statements to the Misclassified Class and issuing wage statements containing false and/or misleading information about the time members of the Employee Class worked and the amount of wages or compensation due.

115.   Defendants' violations of California wage and hour laws and illegal payroll practices or payment policies constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

116.   Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

117.   For the four (4) years preceding the filing of this action, Plaintiff and Class Members have suffered damages and request restitutionary disgorgement of all monies

-34-

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

and profits to be disgorged from Defendants in an amount according to proof at the time of trial and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## XIV.  **NINTH CAUSE OF ACTION**

**For Civil Penalties Pursuant to California's Private Attorneys General Act of 2004 ("PAGA"),   §§ 2698, *et seq.*, for Violations of California Labor Code Sections (Brought by Plaintiff on Behalf of Himself and the General Public Against All Defendants)**

118.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

119.   PAGA provides that any provision of law under the Labor Code and applicable IWC Wage Order(s) that provides for a civil penalty to be assessed and collected by California's Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code and applicable IWC Wage Order(s) may, as an alternative, be recovered by aggrieved employees in a civil action brought on behalf of themselves and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

120.   PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

121.   Plaintiff and other current and former employees of Defendants are "aggrieved employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current or former employees and one or more of the alleged violations were committed against them.

122.   Pursuant to Labor Code sections 2699.3 and 2699.5, aggrieved employees, including Plaintiff, may pursue a civil action arising under PAGA, alleging violations of any provision listed in section 2699.5, after the following requirements have been met:

a. The aggrieved employee shall give written notice ("Employee's Notice") by online filing to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

b. The Employee's Notice filed with the LWDA is accompanied by a seventy-five-dollar ($75) filing fee; and

c. The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

123.   Pursuant to California Labor Code sections 2699.3(c), aggrieved employees, including Plaintiff, may pursue a civil action arising under PAGA for violations of any provision other than those listed in section 2699.5 after the following requirements have been met:

a. The aggrieved employee shall give written notice by online filing ("Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

b. The Employee's Notice filed with the LWDA is accompanied by a seventy-five-dollar ($75) filing fee; and

c. The employer may cure the alleged violation within thirty-three (33) calendar days of the postmark date of the Employee's Notice.  The employer shall give written notice by certified mail within that period of time to the aggrieved

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence.  If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699.

124.   On February 12, 2019, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3.  Plaintiff's notice to the LWDA was accompanied by the $75 filing fee.  A true and correct copy of Plaintiff's written notice to the LWDA and Defendants dated February 12, 2019 is attached hereto as "**Exhibit 1**."

125.   On June 26, 2019, Plaintiff provided amended written notice by online filing to the LWDA and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including facts and theories to support the alleged violations, in accordance with California Labor Code section 2699.3. A true and correct copy of Plaintiff's written notice to the LWDA and Defendants dated June 26, 2019 is attached hereto as "**Exhibit 2**."

126.   As of the filing date of the initial complaint, over sixty-five (65) days have passed since Plaintiff sent the LWDA Notice described above, and the LWDA has not responded that it intends to investigate Plaintiff's claims.  Defendants have not given notice that it has cured the alleged violations set forth in this Complaint.  Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and (c) to recover civil penalties Against All Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

127.   Labor Code section 558(a) provides that "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."  Labor Code section 558(c) provides that "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

128.   Defendants, at all times relevant herein, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other non-party aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

129.   As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order(s), including:

    a.   Violations of Labor Code sections 510, 1198, and the applicable IWC Wage Order(s) for Defendants' failure to compensate Plaintiff and other Class Members with overtime wages for all hours worked in excess of eight (8) in one day or forty (40) in one week and double time for all hours worked in excess of twelve (12) hours, as set forth above;

    b.   Violations of Labor Code sections 1182.12, 1194, 1197, 1197.1, 1198, and the applicable IWC Wage Order(s) for Defendants' failure to compensate Plaintiff and other Class Members with at least minimum wages for all hours worked as set forth above;

    c.   Violations of Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Wage Order(s) for Defendants' failure to provide Plaintiff and other Class Members with meal periods and/or rest breaks, as set forth above;

SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

d.  Violations of Labor Code sections 226(a), 1198, and the applicable IWC Wage Order(s) for failure to provide accurate and complete wage statements to Plaintiff and other Class Members as set forth above;

e.  Violations of Labor Code sections 1174(d), 1198, and the applicable IWC Wage Order(s) for failure to maintain payroll records. California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order(s). Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order(s), employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants failed, on a companywide basis, to keep records of meal period start and stop times for Plaintiff and other non-party aggrieved employees in violation of section 1198. California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . . . ." During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and other non-party aggrieved employees showing the daily hours they actually worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked;

-39-

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

f. Violations of Labor Code sections 201, 202, and 203 for failure to pay all earned wages upon termination as set forth above;

g. Violations of Labor Code section 204 for failure to pay all earned wages during employment as set forth above;

h. Violations of Labor Code section 2802 for failure to reimburse all necessary, business-related expenses incurred;

i. Plaintiff and other non-party aggrieved employees are therefore entitled to recover penalties, attorneys' fees, costs, and interest thereupon, pursuant to Labor Code section 2699(f)-(g); and

j. Any and all additional applicable civil penalties and sums as provided by the California Labor Code and/or other relevant statutes.

130. Pursuant to California Labor Code sections 2699(a), 2699.3, 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for himself, all other non-party aggrieved employees, and the State of California Against All Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, and 2802.

131. In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all penalties obtained under California Labor Code section 2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the California Labor Code, and twenty-five percent (25%) to all aggrieved employees.

132. Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 2699(g)(1), 218.5, 1194(a) and any other applicable statute.

## XV.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, respectfully requests that this Court find Against All

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

Defendants as follows:

1. An order that this action may proceed and may be maintained as a class action;

2. All unpaid minimum wages and liquidated damages due to Plaintiff and each Class Member on their minimum wage claims;

3. All unpaid overtime wages due to Plaintiff and each Class Member;

4. One hour of wages due to Plaintiff and each Class Member for each work period of more than four (4) hours when they did not receive an uninterrupted ten (10) minute rest break;

5. One hour of wages due to Plaintiff and each Class Member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

6. All unpaid minimum wages and liquidated damages due to Plaintiff and each Class Member on their minimum wage claim;

7. For restitution of all monies due to Plaintiff and members of the Class and disgorged profits from the unlawful business practices of Defendants;

8. For waiting time penalties pursuant to Labor Code section 203;

9. Statutory penalties under Labor Code section 226(e);

10. An order requiring Defendants to comply with California Labor Code section 226(a) with respect to all currently employed Class Members;

11. For reimbursement of business expenses under California Labor Code section 2802;

12. For penalties pursuant to Labor Code sections 204, 206, 210, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174.5, 1182.12, 1194, 1194.2, 1197.1, 1198, and 2802;

13. For injunctive relief enjoining Defendants from engaging in the unlawful and unfair business practices complained of herein;

14. For all civil penalties permitted by California's Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq.*, based on all the alleged statutory violations set forth in this Complaint;

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

15. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

16. Prejudgment interest at the maximum legal rate on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

17. For reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226, 1194, 2699(g), and Code of Civil Procedure section 1021.5;

18. Accounting of Defendants' records for the liability period;

19. General, special, and consequential damages, to the extent allowed by law; and

20. All such other and further relief that the Court may deem just and proper.


Respectfully submitted,


Dated:  March 31, 2020                    **SHEGERIAN & ASSOCIATES, INC.**


By:  */s/ Carney Shegerian*
      Carney R. Shegerian
      Anthony Nguyen
      Cheryl A. Kenner

      Attorneys for Plaintiff, MATTHEW ELIAS,
      and all others similarly situated and
      aggrieved

**SECOND AMENDED CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff MATTHEW ELIAS, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated:  March 31, 2020                    **SHEGERIAN & ASSOCIATES, INC.**


By:  */s/ Carney Shegerian*
Carney R. Shegerian
Anthony Nguyen
Cheryl A. Kenner

Attorneys for Plaintiff, MATTHEW ELIAS, and all others similarly situated and aggrieved