UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-1854-JFW(ASx)**                                   Date:  September 17, 2021

Title:   Matthew Elias -v- Spotify USA Inc., et al.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**  
None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF PAGA SETTLEMENT [filed 8/25/2021; Docket No. 116];

    On August 25, 2021, Plaintiff Matthew Elias ("Plaintiff") filed an Unopposed Motion for Approval of PAGA Settlement.  No Opposition was filed.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 27, 2021 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

    The Private Attorneys General Act ("PAGA")  empowers "an aggrieved employee" to bring an enforcement action for certain violations of California labor law "on behalf of himself or herself and other current or former employees."  Cal. Lab. Code § 2699.  The California State Legislature adopted PAGA to remedy under enforcement of labor law violations.  *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379-80 (2014).  A PAGA representative action is a type of *qui tam* action, because the plaintiff is empowered to bring suit on behalf of the state, which remains the real party in interest.  *Id.* at 382.

    PAGA requires court approval of a proposed settlement, with concurrent notice of that request and the terms of the settlement provided to the LWDA.  Cal. Lab. Code § 2699(l)(2) ("The proposed settlement shall be submitted to the [LWDA] at the same time that it is submitted to the court").  The purpose of the notice to the LWDA is to allow it to review and comment on the proposal, if it elects to do so.  If the LWDA expresses views, they may be considered by the court in the review process.  *See Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 973 (2019).

However, "'neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer' as to what the appropriate standard is for approval of a PAGA settlement." *Jordan v. NCI Grp., Inc.*, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018) (*quoting Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017)).  In commenting on a proposed PAGA settlement, the LWDA has offered only this guidance:

> It is thus important that when a PAGA claim is settled, the relief provided for under the PAGA be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being 'fundamentally fair, reasonable, and adequate' with reference to the public policies underlying the PAGA.

*O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (*quoting* LWDA Response).  Therefore, a number of district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Jordan*, 2018 WL 1409590, at *2 (collecting cases); *see also Ramirez*, 2017 WL 3670794, at *3; *O'Connor*, 201 F. Supp. 3d at 1134.

For the reasons stated in Plaintiff's moving papers, Plaintiff's Unopposed Motion for Approval of PAGA Settlement is **GRANTED**.  The Court adopts, and signs, Plaintiff's Proposed Statement of Decision lodged with the Court on September 15, 2021 (Docket No. 117-1).

IT IS SO ORDERED.